# EXHIBIT "B"



Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products
TOLL-FREE:1-855-432-8475; www.usacreditlawyer.com
EMAIL: fdavis@usacreditlawyer.com

*Board Certified by the New Jersey Supreme Court as a Civil Trial attorney
**Awarded "Rising Star" by *Pennsylvania Super Lawyers Magazine*

**D**avis
CONSUMER LAW FIRM
300 Welsh Road, Building One, Ste. 100, Horsham, PA 19044

September 27, 2023

GB COLLECTS
1253 HADDONFIELDD-BERLIN ROAD
VORHEES, NJ         08043

RE: Ashley Scheiss v GB Collects
Notice of Disputed Debt and Chester County C.C.P. Complaint enclosed

Dear Sir/Madam:

Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of the complaint. Please contact me if you would like to discuss a resolution prior. I can be reached by email or phone at the number listed above.

At the present time I have flexible settlement authority, but this will diminish once more work is required in this fee shifting case. *See 73 P.S §201-9.2(a)*. Kindly respond at your convenience but prior to the default deadline listed above.

Please also refrain from any contact with Plaintiff or any third-parties regarding this or any other alleged debts and instead communicate exclusively through my office. Please also ensure that the Plaintiff's credit reports are updated to reflect the fact that no debts are owed and that any/all trade-lines associated with any such reporting are immediately deleted, in accordance with *73 P.S. § 2270.4(b)(5)(vuii)* and *15 U.S.C. § 1681I*.

Very Truly Yours,

Fred Davis, Esq.

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER** County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| **2023-07497-MJ** |

Filed and Attested by
PROTHONOTARY
27 Sep 2023 12:21 PM
M. SCHIAVONI

*The information collected on this form is used solely for court administration purposes This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court*

**SECTION A**

**Commencement of Action**

✔ Complaint    __ Writ of Summons    __ Petition

__ Transfer from Another Jurisdiction    __ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **ASHLEY SCHEISS** | **GB COLLECTS** |

| Are money damages requested? ✔ Yes __ No | Dollar Amount Requested: ✔ Within arbitration limits |
|---|---|
| | (check one)    __ outside arbitration limits |

| Is this a Class Action Suit?    Yes ✔ No | Is this an MDJ Appeal?    Yes ✔ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: fred e davis, IV

**Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT***(do not include Mass Tort)*
- __ Intentional
- __ Malicious Prosecution
- __ Motor Vehicle
- __ Nuisance
- __ Premises Liability
- __ Product Liability *(does not include mass tort)*
- __ Slander/Libel/Defamation
- __ Other

**CONTRACT***(do not include Judgments)*
- __ Buyer Plaintiff
- __ Debt Collection: Credit Card
- __ Debt Collection: Other
- __ Employment Dispute Discrimination
- __ Employment Dispute Other
- __ Other

**CIVIL APPEALS**
Administrative Agencies
- __ Board of Assessment
- __ Board of Elections
- __ Dept. of Transportation
- __ Statutory Appeal: Other
- __ Zoning Board
- __ Other

**MASS TORT**
- __ Asbestos
- __ Tobacco
- __ Toxic Tort - DES
- __ Toxic Tort - Implant
- __ Toxic Waste
- __ Other

**PROFESSIONAL LIABILITY**
- __ Dental
- __ Legal
- __ Medical
- __ Other Professional

**REAL PROPERTY**
- __ Ejectment
- __ Eminent Domain/Condemnation
- __ Ground Rent
- __ Landlord/Tenant Dispute
- __ Mortgage Foreclosure: Residential
- __ Mortgage Foreclosure Commercial
- __ Partition
- __ Quiet Title
- __ Other

**MISCELLANEOUS**
- __ Common Law/Statutory Arbitration
- __ Declaratory Judgement
- __ Mandamus
- __ Non-Domestic Relations
- __ Restraining Order
- __ Quo Warranto
- __ Replevin
- ✔ Other:

2023-07497-MJ

# Chester County
## Court of Common Pleas
### Cover Sheet

| Docket No: |
|---|
| **2023-07497-MJ** |

| Plaintiff(s). (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **ASHLEY SCHEISS** <br><br> 438 MOREBORO ROAD　HATBORO, PA　19040 | (Name, firm, address, telephone and attorney ID#) <br><br> **fred e davis, IV** <br><br> (855) 432-8475 davis consumer law firm attorney ID# 093907 <br><br> 300 Welsh Road, Building One-Suite 100, Horsam, PA 19044, US |
| Defendant(s): (Name, Address) <br><br> **GB COLLECTS** <br><br> 1253 HADDONFIELD-BERLIN ROAD　VORHEES, NJ　08043 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

Commencement of Action (if applicable):　__ Agreement for an Amicable Action　__ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant　__ Plaintiff or　__ Defendant in the original action?

Jury Trial Demanded　✔ Yes　　No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | | **Notice of Trial Listing Date** |
|---|---|---|
| Arbitration Date | 2024-04-05 | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court. |
| Arbitration Time | 09:00:00 | |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C R C P 249 3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date

**File with:** Chester County Justice Center, Prothonotary Office, 201 W Market St., Ste 1425, PO Box 2746, West Chester, PA 19380-0989

*2023-07497-MJ*



Fred Davis, Esq.                                    ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM
300 Welsh Road-Building One, Suite 100
HORSHAM, PA   19044
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

| | |
|---|---|
| ASHLEY SCHEISS<br>438 MOREBORO RD.<br>HATBORO, PA<br>19040 | COURT OF COMMON PLEAS<br>CHESTER COUNTY |
| *Plaintiff* | CIVIL ACTION |
| *v.* | |
| GB COLLECTS<br>1253 HADDONFIELD-BERLIN RD.<br>VORHEES, NJ<br>08043 | DOCKET NO.: |
| *Defendant* | |

## NOTICE TO DEFEND
## <u>CODE: 1900</u>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

*2023-07497-MJ*

<u>**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL & INFO SERVICE**</u>
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889
<u>**AVISO**</u>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

<u>**SERVICIO DE REFERENCIA LEGAL**</u>
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

*2023-07497-MJ*



Fred Davis, Esq.                          ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM
300 Welsh Road,-Bldg One, Suite 100
HORSHAM, PA 19044
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

| | |
|---|---|
| ASHLEY SCHEISS<br>438 MOREBORO RD.<br>HATBORO, PA<br>19040<br><br>*Plaintiff*<br><br>v<br><br>GB COLLECTS<br>1253 HADDONFIELD-BERLIN RD.<br>VORHEES, NJ<br>08043<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br>DOCKET NO.: |

## COMPLAINT

1.      Plaintiff, ASHLEY SCHEISS, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 438 MOREBORO RD., Hatboro, PA, 19040.

2.      Defendant, GB COLLECTS, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 1253 HADDONFIELD-BERLIN RD. VORHEES, NJ 08043. Defendant can be served at that address.

3.      Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

*2023-07497-MJ*

## JURISDICTION AND VENUE

4.     Jurisdiction of this court arises from the fact that Defendant regularly conducts business in the State of Pennsylvania and in the County of CHESTER, and some/all of the transactions at issue occurred in Chester County, PA, and personal jurisdiction is therefore established.

5.     Venue is proper in CHESTER COUNTY pursuant to Pennsylvania Rules of Civil Procedure §§ 1006 and 2179.

## PARTIES

6.     Plaintiff hereby incorporates by reference all of the preceding paragraphs, averments and allegations.

7.     Plaintiff is a natural person residing in Hatboro, PA. Some/all of the transactions comprising the alleged debt occurred in CHESTER County.

8.     Plaintiff is a "consumer" as that term is defined 73 P.S. § 2270.3, as the transactions comprising the alleged debt were for consumer related purchases, such as household goods, food, clothing, etc.

9.     Defendant, GB COLLECTS, is a "Debt collector" as defined by 73 P.S. § 2270.3, because it is a legal person not a creditor conducting business within this Commonwealth, acting on behalf of a creditor, engaging or aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor or assignee of a creditor, with headquarters located at 1253 HADDONFIELD-BERLIN RD., VORHEES, NJ 08043.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    Plaintiff hereby incorporates by reference all of the preceding paragraphs, averments and allegations.

12.    Throughout the past year, Defendant sought to collect $586.14 from Plaintiff for alleged medical bills. Plaintiff disputes owing this debt, and alleges and avers that Defendant has any legal or contractual right to collect anything.

13.    Plaintiff alleges and avers that Defendant misrepresented the status and legal nature of the alleged account, as there was no legal or contractual authority for assignment of the alleged debts to PERSONAL CHOICE PA PPO (R), or collection of principal, fees or interest by any third-parties, in violation of 73 P.S. § 2270.4(a)(6)(i).

14.    Plaintiff alleges and avers that between September 2021 and the present, Defendant repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, and engaged in the following prohibited conduct, in violation of 73 P.S. §§§ 2270.4(a)(1), (2) and(4):

a.    Failing to inform Plaintiff of her rights;

b.    Calling at irregular times and places;

c.    Defendant failed to identify itself;

d.    Defendant hung up and called right back,

e.    Defendant caused Plaintiff's telephone to ring for the purpose of harassment,

f.    Defendant called Plaintiff despite being told to stop calling;

g.    Defendant called Plaintiff's employers, friends and relatives;

h.    Defendant kept calling Defendant called Plaintiff's employers, friends

and relatives despite being told to stop;

i.      Defendant called Plaintiff before 8:00 AM and after 9:00 PM EST.

15.     Plaintiff alleges and avers that Defendant's declaration that Plaintiff must "honor your obligation to our client" and has a "delinquent situation" are misleading because it unequivocally implies Plaintiff has no right to dispute the alleged debt, and thereby violates of 73 P.S. §§§ 2270.4(a)(5)(ii), (v), 73 P.S. § 2270.4(a)(6)(i).

16.     Plaintiff alleges and avers that Defendant's failure to inform Plaintiff of the tax consequences of payment is in violation of 73 P.S. §§§§ 2270.4(a)(4), (5)(ii), (v) and (x).

17.     Plaintiff alleges and avers that Defendant's failure to inform Plaintiff of the relevant statute of limitations, and the fact that enforcement of the alleged debt is outside that deadline, is in violation of 73 P.S. §§§§ 2270.4(a)(4), (5)(ii), (v) and (x).

18.     Plaintiff alleges and avers that Defendant's failure to advise Plaintiff of her right to dispute the alleged debt is in violation of 73 P.S. §§§ 2270.4(a)(5)(ii), (v), 73 P.S. § 2270.4(a)(6)(i).

19.     Plaintiff further alleges and avers that Defendant's coercive and deceptive collection efforts (failing to identify the consequences of breaching the relevant statute of limitations, tax and credit reporting consequences of paying all/part of the alleged debt, etc) are not authorized by law or contract, and were actions which cannot be legally taken. Plaintiff alleges and avers that Defendant thereby violated 73 P.S. § 2270.4(a)(5) (ii) , 73 P.S. § 2270.4(a)(6)(i).

20.     Plaintiff further alleges and avers that despite receiving notice that Plaintiff disputed the debt, Defendant failed to timely notify the relevant credit bureau and update the status of the alleged debt as disputed. Plaintiff alleges and avers that Defendant

2023-07497-MJ

thereby communicated false credit information about Plaintiff, in violation of 73 P.S. § 2270.4(a)(5)(viii).

21.    Plaintiff alleges and avers that Defendant's comments, such as "you simply have chosen to ignore this debt" and that the alleged creditor "will not tolerate any more delay in recovering their monies" is insulting, threatening and deceptively aimed at inducing a waiver of her right to dispute the allege debt. Plaintiff alleges and avers that this misconduct violates 73 P.S. § 2270.4(a)(5)(viii), 73 P.S. §§ 2270.4(a)(5)(ii), (v), 73 P.S. § 2270.4(a)(6)(i).

22.    Plaintiff alleges and avers that as a direct result of Defendant's alleged debt collection misconduct, she has suffered material economic losses. Plaintiff alleges and avers that her losses include, but are not limited to, hedonic damages, the amount of the alleged debt, sums already paid but not credited by the alleged creditor, illegal interest and fees assessed as part of the alleged debt, diminution in creditworthiness and resultant lost economic opportunities and time lost from work and other pursuits having to tend to Defendant's alleged misconduct.

## COUNT II
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ( HEREAFTER "UFTPL")

23.    Plaintiff hereby incorporates by reference all of the preceding paragraphs, averments and allegations.

24.    Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

25     Plaintiff is a "Person" as defined by 73 P S. § 201-2(2).

26.    Defendant is a "Person(s)" as defined by 73 P.S. §  201-2(2).

27.    The Pennsylvania Unfair Trade Practices and Consumer

*2023-07497-MJ*

Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(b) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270 (The aforementioned "FCEUA").

28.      In its actions to collect a disputed debt, Defendant violated the FCEUA in one or more of the following ways:

a.   Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 73 P.S. § 2270.4(b)(4).

b.   Using misrepresentations or deceptive means to collect a debt in violation of 73 P.S. § 2270.4(b)(5).

c.   Using unfair or unconscionable means to collect a debt in violation of 73 P.S. § 2270.4(b)(6).

d.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FCEUA.

WHEREFORE, Plaintiff, ASHLEY SCHEISS, respectfully prays for a judgment in an amount not to exceed $50,000.00 as follows:

a.        All actual compensatory damages suffered pursuant to 73 P.S. § 201-9.2;

*2023-07497-MJ*

b.      Statutory damages of $100.00 for each violation of the FCEA pursuant to 73 P.S. § 201-9.2;

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 73 P.S. § 201-9.2; and

d.      Any other relief deemed appropriate by this Honorable Court.

29.     Plaintiff further alleges and avers that Defendant's misreporting of credit information and misrepresentations surrounding the legitimacy of the amount of the alleged debt were done solely to confuse and deceive Plaintiff, and Defendant thereby violated the Act.

30.     Plaintiff alleges and avers that Defendant's false claim that PERSONAL CHOICE PA PPO (R) is a bona fide creditor is a misrepresentation of fact via omission.

31.     Plaintiff alleges and avers that Defendant misrepresented as fact that Plaintiff owed $586.14, when Defendant had actual and/or constructive knowledge that Plaintiff had already paid, the alleged creditor was legally barred from seeking additional sums from Plaintiff and Plaintiff's insurance should have been notified to cover any alleged additional amounts owed.

32.     Plaintiff alleges and avers that Defendant misrepresented as fact that Plaintiff had no right to dispute the alleged debt.

33.     Plaintiff alleges and avers that Defendant's misrepresentations were made with intent that they should be acted upon by Plaintiff in the manner reasonably contemplated. This is evidenced by the fact that they were presented to Plaintiff as legal and helpful.

34.     Plaintiff maintains her ignorance of their falsity, as she is an unsophisticated consumer.

35.    Plaintiff alleges and avers that she maintained reliance on the truth of Defendant's misrepresentations, because she is an unsophisticated consumer unable to negotiate for a non-usurious medical care.

36.    Plaintiff alleges and avers that her ascertainable losses and consequent and proximate injuries stemming from Defendant's misrepresentations include, but are not limited to, the exorbitant and illegal debt, out of pocket costs stemming from Defendant's illegal and extra-contractual debt collection, damage to her reputation, distress and indignity to her person and mental/emotional states.

37.    Plaintiff alleges and avers that Defendant's misrepresentations were material and Plaintiff relied on them to her detriment. This caused Plaintiff to suffer material and ascertainable losses listed above. She specifically prays for relief consisting of, but not limited to, all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

38.    Plaintiff alleges and avers that Defendant's misrepresentations Are also violations of the above provisions of the Fair Credit Extension Uniformity Act, 73 Pa. C.S. § 2270, et seq, and are thus additional violations of the Unfair Trade Practices Act.

39.    WHEREFORE, Plaintiff, ASHLEY SCHEISS, respectfully prays for a judgment in an amount not to exceed $50,000.00.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")

40.    Plaintiff hereby incorporates by reference all of the preceding paragraphs, averments and allegations.

41.    Plaintiff alleges and avers that that Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Specifically, Defendant engaged in a campaign of unwanted phone calls from September 2021 for the next year or two, often times calling and hanging up only to call right back, and being belligerent.

42.    Plaintiff further alleges and avers that Defendant's credit reporting and letters repeatedly aggravated the situation, and she was unable to avoid these intrusions without economic cost (the aforementioned ascertainable losses and diminution in value of creditworthiness) and personal stress in the form of humiliation).

43.    Additionally, Plaintiff further alleges and avers that Defendant's debt collection misconduct was extremely intrusive and offensive because it consisted of, but was not limited to, contacting unrelated third-parties which Defendant had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

44     Plaintiff further alleges and avers that Defendant's debt collection misconduct was designed to compel payment of an allegedly illegitimate debt.

45.    Plaintiff further alleges and avers that she consequently suffered economic and non-economic damages. These consisted of the exorbitant and illegal debt, out of pocket costs stemming from Defendant's illegal and extra-contractual debt collection, damage to her reputation, distress and indignity to her person and mental/emotional states.

46.    WHEREFORE, Plaintiff, ASHLEY SCHEISS, respectfully prays for a judgment in an amount not to exceed $50,000.00.

*2023-07497-MJ*

## COUNT V.
## DAMAGES

47. Plaintiff further stipulates that it will neither seek nor accept more than $50,000.00 in damages in this action, exclusive of interest and costs, so long as it is in state court.

48. Plaintiff makes this stipulation in accordance with *Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) accord Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also In re Shell Oil Co , 970 F.2d 355, 356 (7th Cir 1992).*

49. In the event this matter is removed to another forum, Plaintiff reserves the right to seek in excess of $50,000.00 in damages.

DAVIS CONSUMER LAW FIRM

By:   Fred Davis-PA ID# 93907
Attorney for Plaintiff, ASHLEY SCHEISS
300 Welsh Road,-Bldg One, Suite 100
Horsham, Pa 19044
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

*2023-07497-MJ*